UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

V.                                                     CASE NO. 6:24-cr-74-JSS-EJK

JEREMY CHARLES DEWITTE

---

## CRIMINAL SCHEDULING ORDER

The Defendant has been arraigned. To initiate a simple self-executing discovery procedure; reduce expense and delay by eliminating routine or standard discovery motions for which established rulings and precedent exist; encourage voluntary disclosure by the prosecution and by the defense; facilitate the effective assistance of counsel; and secure a just determination, this scheduling order will control the subsequent course of this criminal proceeding. *See* Fed. R. Crim. P. 2; Local Rule 1.01(b). The parties shall comply with the following discovery and scheduling requirements without the need for further discovery motions or demands:

**I.  DISCOVERY AND INSPECTION**

    **A.  Opting Out**

        1.  **Defendant's Election Not to Request Disclosure** — This Order deems each party to have requested disclosure to the full extent allowed by Fed. R. Crim. P. 16. Within **seven days** of the date of this Order, however, a defendant may file and serve by hand delivery a written notice electing not to request disclosure under Fed. R. Crim. P. 16(a)(1)(E), (F), and (G). To be effective, the written notice must specify the precise subsection or subsections of Fed. R. Crim. P. 16(a)(1) under which the Defendant elects not to request disclosure. Where a defendant has served timely written notice electing not to request disclosure under one or more specific subsections of Rule 16(a)(1), the government has no obligation to

provide disclosure to the extent specified in the Defendant's notice.

2. **Reciprocal Disclosure of Documents, Objects, Reports** — A defendant who has filed and served timely written notice electing not to request disclosure under Fed. R. Crim. P. 16(a)(1)(E) (relating to documents and objects), Rule 16(a)(1)(F) (relating to reports of examinations and tests), and Rule 16(a)(1)(G) (relating to expert witnesses) has no obligation to provide reciprocal discovery to the government pursuant to Rule 16(b)(1)(A), (B), and (C).

3. **Disclosure Regarding Experts** — A defendant who has filed and served timely written notice electing not to request disclosure under Rule 16(a)(1)(G) (relating to expert witnesses), and who has not filed and does not intend to file a notice pursuant to Rule 12.2(b) (relating to expert evidence of a mental condition), has no obligation to provide reciprocal discovery to the government pursuant to Rule 16(b)(1)(C)(i).

4. **Order of Compliance Unchanged** — This Order imposes no obligation on a defendant to provide reciprocal discovery under a subsection of Fed. R. Crim. P. 16(b)(1) until the government has complied with its obligations pursuant to Rule 16(a)(1)(E), (F), and (G).

5. **Other Requirements** — The filing and service of an opt-out notice under this paragraph relieves the government of its obligations under ¶¶ I (E) - (G) of this Order, and relieves the Defendant of obligations under ¶¶ I (Q) - (S) of this Order, only to the limited extent specified above. The filing and service of a notice under this paragraph does not otherwise relieve a party of any obligation to comply with the requirements of this Order.

B. **Oral Statements of the Defendant** — Within **14 days** from the date of this Order, the government shall disclose to the Defendant, to the extent required by Fed. R. Crim. P. 16(a)(1)(A), and make available for inspection, copying, or photographing, that portion of any written record containing the substance of any relevant oral statement made by the Defendant, whether before or after arrest, in response to interrogation by any person then known to the Defendant to be a government agent, as well as the substance of any such oral statement that the government intends to use trial. Similarly, the government shall disclose to an

      organizational defendant the information required by Fed. R. Crim. P. 16(a)(1)(C).

C. **Written or Recorded Statements of the Defendant** — Within **14 days** from the date of this Order, the government shall disclose to the Defendant, to the extent required by Fed. R. Crim. P. 16(a)(1)(B), and make available for inspection, copying, or photographing, any relevant written or recorded statements made by the Defendant, or copies of the statements, within the government's possession, custody or control, the existence of which is known or through the exercise of due diligence may become known to the attorney for the government, including recorded testimony of the Defendant before a grand jury which relates to the offense charged. Similarly, the government shall disclose to an organizational defendant the information required by Fed. R. Crim. P. 16(a)(1)(C).

D. **Prior Record** — Within **14 days** of the date from this Order, the government shall furnish to the Defendant, to the extent required by Fed. R. Crim. P. 16(a)(1)(D), a copy of the Defendant's prior criminal record, if any.

E. **Documents and Objects** — Within **14 days** from the date of this Order, the government shall permit the Defendant, to the extent required by Fed. R. Crim. P. 16(a)(1)(E), to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, vehicles, vessels, aircraft, buildings or places which are within the possession, custody or control of the government, and which are material to the preparation of the Defendant's defense, or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the Defendant.

F. **Reports of Examinations and Tests** — Within **14 days** from the date of this Order, the government shall permit the Defendant, to the extent required by Fed. R. Crim. P. 16(a)(1)(F), to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the Defendant's defense, or are intended for use by the government as evidence in chief at the trial. The government shall provide to the Defendant, for independent expert examination, copies of all latent fingerprints or palmprints which have been identified by a government expert as those of the Defendant.

G. **Expert Witnesses** — Within **14 days** from the date of this Order, the government shall disclose to the Defendant, to the extent required by Fed. R. Crim. P. 16(a)(1)(G), a written summary of any testimony that the government intends to use under Fed. R. Evid. 702, 703, or 705 during its case-in-chief at trial. This summary must describe the witnesses' opinions, the bases and the reasons for the opinions, and the witnesses' qualifications. Within **seven days** of service on the government of the Defendant's summary of testimony pursuant to Fed. R. Crim. P. 16(b)(1)(C) (relating to expert testimony on the defendant's mental condition after notice under Rule 12.2 (b)) [*see* ¶ I (S) below], the government shall disclose to the Defendant a written summary of testimony on the issue of the Defendant's mental condition pursuant to the second sentence of Rule 16(a)(1)(G).

H. **Electronic Surveillance** — Within **14 days** from the date of this Order, the government shall disclose to the Defendant the nature and extent of the use of electronic surveillance (including wiretapping, consensual monitoring, body wires, tape recordings, transmission devices, videotape recordings, bank surveillance recordings, pen registers) or mail covers conducted by law enforcement officers or witnesses in investigating this case, and also disclose the existence of all recordings obtained and final transcripts made during the investigation, including copies of the application(s), affidavit(s), and order(s), regardless of whether the government intends to use these materials in its case-in-chief.

I. **Rule 404 (b) Evidence** — Within **14 days** from the date of this Order, the government shall disclose to the Defendant in writing the general nature of evidence of other crimes, wrongs, or acts by the Defendant that the government intends to introduce at trial pursuant to Fed. R. Evid. 404(b), as well as the general purpose of the evidence (e.g., proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident). The government's written disclosure shall characterize the Defendant's specific prior conduct to a degree that fairly apprizes the Defendant of its general nature. Absent good cause shown, failure to make this disclosure will bar the use at trial of any such evidence. Within the time frame established in ¶ II (B) of this Order, the Defendant shall file a motion in limine stating any objection to the introduction of the Rule 404(b) evidence.

J. **Confidential Informants** — Within **14 days** from the date of this Order, the government shall disclose to the Defendant whether it has used a confidential informant in investigating this case.

4

K. **Co-conspirators' Statements** — Not later than **14 days** before the initial status conference, the government shall advise the Defendant of the names of any unindicted co-conspirators whose statements will be offered against the Defendant in the Government's case-in-chief under Federal Rule of Evidence 801(d)(2)(E).

L. **Conflict of Interest** — Within **14 days** from the date of this Order, and in any event as soon as possible to permit the prompt filing of an appropriate motion, the government shall alert counsel for the Defendant if the government is aware of a potential conflict of interest in the representation of the Defendant by such attorney in this case. All parties shall inquire of their witnesses about matters that may give rise to a conflict of interest, including whether any attorney in the case has previously represented the witness.

M. **Photo Identification** — Within **14 days** from the date of this Order, the government shall disclose to the Defendant whether any witness or individual has identified the Defendant in any lineup, showup, photo spread or similar identification proceeding, and permit the Defendant to inspect, copy, and photograph any pictures utilized in or resulting from the identification.

N. **Evidence Seized by Warrant** — Within **14 days** from the date of this Order, the government shall specify all items seized from a defendant and all the seized evidence, if any, that the government intends to introduce in its case in chief at trial and permit the Defendant to inspect and copy any search warrant and affidavit, together with the inventory of any search pursuant to Fed. R. Crim. P. 41, pursuant to which the evidence was seized.

O. **Rough Notes** — The government shall advise all law enforcement agents and officers involved in this case to retain any rough notes, recordings, reports, and statements pertaining to this case which now exist.

P. **Destruction of Evidence** — The government shall not destroy any evidence in this case without giving **14 days** written notice to all defense counsel. If there is any objection filed to the proposed destruction, the government shall not destroy the evidence without first having obtained the Court's approval.

Q. **Speedy Trial** — The government shall have responsibility for informing the Court of any delay in the prompt disposition of this criminal case

    pursuant to the Speedy Trial Act of 1974, 18 U.S.C. § 3165, the Middle District of Florida's Speedy Trial Plan, and Fed. R. Crim. P. 50.

R.   **Defense's Initial Obligations** — Unless otherwise ordered, any notice required by Federal Rule of Criminal Procedure 12.1 (alibi), 12.2 (insanity or use of expert evidence of mental condition), or 12.3 (public-authority defense) shall be served no later than **14 days** after receipt of the Government's Rule 16(a) discovery.

S.   **Reciprocal Discovery of Documents and Objects** — Within **14 days** from the receipt of the government's discovery, the Defendant shall permit the government, to the extent required by Fed. R. Crim. P. 16(b)(1)(A), to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, and buildings or places which are within the possession, custody or control of the Defendant, and which the Defendant intends to introduce as evidence in chief at trial, provided that the government has done the same.

T.   **Reciprocal Discovery of Reports of Examinations and Tests** — Within **14 days** from the receipt of the government's discovery, the Defendant shall permit the government, to the extent required by Fed. R. Crim. P. 16(b)(1)(B), to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, which are within the possession, custody or control of the Defendant, which the Defendant intends to introduce as evidence in chief at trial, or which were prepared by a witness whom the Defendant intends to call at the trial when the results or reports relate to that witness' testimony, provided that the government has done the same or has disclosed that no such reports exist.

U.   **Reciprocal Discovery of Expert Witnesses** — Within **14 days** from the receipt of the government's discovery, the Defendant shall disclose to the government, under the circumstances and to the extent required by Fed. R. Crim. P. 16(b)(1)(C), a written summary of testimony that the Defendant intends to use under Fed. R. Evid. 702, 703, or 705 as evidence at trial. This summary must describe the witnesses' opinions, the bases and the reasons for the opinions, and the witnesses' qualifications. Within **seven days** of the filing and service of notice under Fed. R. Crim. P. 12.2(b) of an intent to present expert testimony on the Defendant's mental condition [*see* ¶ II (C) below], a defendant shall disclose to the government a written summary of testimony to the extent required by Fed. R. Crim. P. 16(b)(1)(C).

V.   ***Brady*** **Material** — Within **30 days** from the date of this Order, the Government shall reveal to the Defendant and permit inspection and copying of all information and material known to the Government that may be favorable to the Defendant on the issue of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976). When in doubt, the government should err on the side of disclosure. *See Turner v. United States*, 137 S.Ct. 1885, 1893 (2017).

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the government has a continuing obligation to produce all evidence required by the law and the Federal Rules of Criminal Procedure. *See id.* at 87 (holding that due process requires disclosure of "evidence [that] is material either to guilt or to punishment" upon request); *Kyles v. Whitley*, 514 U.S. 419, 437–38 (1995) (holding that the obligation to disclose includes evidence "known only to police investigators and not to the prosecutor," and that "the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf . . . including the police"); *United States v. Agurs*, 427 U.S. 97, 107 (1976) (holding that the duty to disclose exculpatory evidence applies even when there has been no request by the accused); *Giglio v. United States*, 405 U.S. 150, 153-54 (1972) (holding that *Brady* encompasses impeachment evidence); *see also* Fed. R. Crim. P. 16(a) (outlining information subject to government disclosure).

The government's obligation to provide exculpatory evidence pursuant to *Brady* in a timely manner is not diminished either by the fact that such evidence also constitutes evidence that must be produced later pursuant to the Jencks Act, 18 U.S.C. § 3500, or by the fact that such evidence need not be produced according to Rule 16.

Accordingly, the Court directs the government to produce to the Defendant in a timely manner—including during plea negotiations—any evidence in its possession that is favorable to the Defendant and material either to the Defendant's guilt or punishment. The government is further directed to produce all discoverable evidence in a readily usable form. For example, the government must produce documents as they are kept in the usual course of business or must organize and label them clearly. The government must also produce electronically stored information in a form in which it is ordinarily maintained unless the form is not readily usable, in which case the government is directed to produce it in a readily usable form. If the information already exists or was memorialized in a tangible format, such as a document or recording, the information shall

7

be produced in that format. If the information does not exist in such a format and, as a result, the government is providing the information in a summary format, the summary must include sufficient detail and specificity to enable the defense to assess its relevance and potential usefulness.

Finally, if the government has identified any information which is favorable to the Defendant but which the government believes not to be material, the government shall submit such information to the Court for in camera review.

W. ***Giglio* Material** — No later than **14 days** before the first day of the trial term in which this case is set for trial [*see* ¶ III (B) below], the government shall disclose to the Defendant the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses to the extent required by *Giglio v. United States*, 405 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959). For each witness (under every name used by the witness) who will testify for the government at trial, the government shall supply the Defendant with a record of all prior convictions of the type that may be used to impeach a witness pursuant to Fed. R. Evid. 609. The government shall make available any application to the Court for immunity of a witness, as well as any order issued in response to the application.

X. **Jencks Act Material** — All parties shall be prepared to comply with the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2 relating to the production of witness statements on demand after the witness has testified on direct examination. The parties may agree on — but the Court does not order — an earlier time for the exchange or production of Jencks Act and Rule 26.2 material. *See* Fed. R. Crim. P. 16(a)(2).

Y. **Continuing Duty to Disclose** — No later than **seven days** after it comes into the possession of counsel, all parties shall disclose to opposing counsel or the Court additional newly-discovered evidence or material which is subject to discovery, as required by Fed. R. Crim. P. 16(c).

Z. **Agreed Extensions** — The Court recognizes and encourages the tradition of agreement and cooperation among counsel in discovery and inspection without Court involvement. Without the need for a Court order, the parties may agree in writing to extend or modify the times allowed above in ¶ I of this order for discovery and inspection, provided that the agreed extension or modification does not alter, disrupt, or delay

the trial, the status conference, or the timely filing and resolution of pretrial motions as established below.

- AA. **Notice with the Court** — At such time as the Government has provided all discovery material to defense counsel, the Government shall file a notice with the Court, which notice shall state: 1) the date the discovery was furnished and 2) the contents of such discovery (if confidential, under seal) to include what information mandated by paragraph I. B-X has been provided.

- BB. **Continuing Duty to Disclose** – It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of this Order.

## II. MOTIONS AND NOTICES

- A. **Notice Regarding Recusal** — Within **14 days** from the date of this Order, the government shall file and serve a notice listing each person or non-governmental entity of which it is aware who now has, or in the future may have, a financial interest in the subject matter in controversy, or in a party to this proceeding. The notice shall include each victim of the charged conduct who may be entitled to restitution; each person or non-governmental entity who may claim an interest in forfeitable assets; each corporation, partnership, or association that is controlled by a defendant; and each publicly-traded corporation that is a parent, subsidiary, or affiliate of a victim or otherwise interested corporation. Each party has a continuing obligation to file and serve a notice regarding recusal on learning of any ground for recusal or disqualification of a judicial officer or counsel.

- B. **Notice of Estimated Length of Trial** — Within **14 days** from the date of this Order, the government shall file and serve a notice of the estimated length of trial.

- C. **Filing Deadline for Motions and Notices** — Within **35 days** from the date of this Order, the parties shall file and serve all motions (with memoranda and certificate) and all notices. *See* Fed. R. Crim. P. 12(c); Local Rule 3.01(a).

    D.    **Pretrial Motions Deadline** — Within **35 days** from the date of this Order, the parties shall file and serve **the following pretrial motions** (with memoranda and certificate):

        1.    All motions identified in Fed. R. Crim. P. 12(b)(3);

        2.    Motions for a bill of particulars;

        3.    Motions for a *James*, *Bruton*, or *Franks* hearing; and

        4.    All other discovery motions, if any, not specifically covered by this Order.

    E.    Unless otherwise ordered, **motions** *in limine* are due **14 days** before the first day of the trial term. Any responses to such motions are due **seven days** before the first day of the trial term.

    F.    **Motions to Continue** must be filed as soon as the need for a motion to continue is determined, but no later than **two business days** prior to the status conference. If no motion to continue is filed by that deadline, the Court will presume all parties are ready to proceed to trial and use the status conference as a pretrial conference. Any motion to continue shall state a reason under 18 U.S.C. § 3161(h) why a continuance is requested. Motions to continue must include the language that defense counsel has specifically advised his client that by requesting this continuance, or consenting thereto, the Defendant is aware that the Court may conclude that there is good cause to exclude time from the speedy trial calculation (not that defendant "waives" speedy trial), as well as advise whether counsel has conferred with the assigned Assistant U.S. Attorney and any co-defendants and advise the Court as to their responses.

    **G.**    Any pretrial motions (as defined by this subsection) that are filed past the deadline may be summarily denied as untimely. Any untimely motions must set forth good cause for the delay. *See* Fed. R. Crim. P. 12(c)(3).

    H.    **Certificate Required in Motions** — Before filing any motion in a criminal case that is not an ex parte motion, the moving party shall confer with counsel for the opposing party in person or by telephone (but not solely by letter, email or facsimile) in a good faith effort to resolve the issues

10

raised by the motion, and shall include in the motion a statement certifying that the moving counsel has conferred with opposing counsel; that counsel have been unable to resolve the motion by agreement; and that the motion concerns matters which are not covered by the scheduling order. The Court will deny without prejudice motions filed without the required certificate. Except where the certificate specifies timely calls or visits comprising a significant good faith effort by the movant to confer, the Court will also deny without prejudice motions that merely certify an "attempt" to confer. Subject to the constraints specified in this Order, a lawyer should respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, Ideals and Goals of Professionalism (adopted May 16, 1990), 70 Florida Bar Journal 686, 687 ¶ 6.10 and Creed of Professionalism ¶ 8.

I. **Waiver** — Failure to raise defenses or objections by timely motion shall constitute waiver. Relief from waiver may be granted for cause on a showing of excusable neglect.

J. **Memoranda in Opposition** — Each party opposing any written motion shall file and serve, within **14 days** after being served with such motion, a memorandum with citation of authorities in opposition to the relief requested. Local Rule 3.01(b). An unopposed motion is subject to being granted as unopposed unless covered by this Order, in which case the motion will be denied as moot.

K. **Jury Instructions, Verdict Form, Voir Dire Questions and Witness Lists** — Unless requested earlier by the Court, no later than **14 days** before the first day of the trial term in which this case is set for trial [*see* ¶ III (B) below], counsel shall file and serve a single set of jointly proposed questions for the Court to ask the venire during voir dire, a single set of proposed jury instructions, a single proposed verdict form and the parties' respective witness lists. Jury instructions shall be based on the Eleventh Circuit Pattern Jury Instructions. At the time of filing the voir dire questions, jury instructions and verdict form, the parties shall provide an electronic copy of same to chambers via e-mail in Microsoft Word 2007 (or later) format.

L. **Demonstrative Exhibits** — The Court requires demonstrative exhibits that parties intend to use in opening statements and closing arguments be

   given to opposing counsel no later than one full workday prior to the commencement of trial.

 M. **Handling of Evidence Post Trial** — No later than **14 days** after the conclusion of the trial, counsel shall provide the deputy clerk of court with an electronic copy of all identified and admitted trial exhibit(s). The electronic copy shall be jointly certified by counsel and attached to the exhibit certification form which shall be provided by the deputy clerk of court at the close of trial. In the exhibit certification form, the parties shall certify that the electronic copy of the admitted trial exhibit(s) is correct and accurate. The parties shall further certify that the electronic copy of the admitted trial exhibit(s) will be part of the official record submitted to the Court of Appeals for the Eleventh Circuit if an appeal is taken.

### III. SCHEDULING

 A. **Status Conference** — This case is set for a status conference before the Honorable Julie S. Sneed on **SEPTEMBER 10, 2024**, at **2:00 PM**, in Courtroom 6C, Sixth Floor, U.S. Courthouse, 401 West Central Boulevard, Orlando, Florida. Defendant's presence is not required at the status conference. *See* Fed. R. Crim. P. 43(c)(3). The district court may reject as untimely any plea agreements filed after the status conference. The deadline for completing a change of plea is **seven** days after the status conference.

 B. **Trial** — This case is set for trial before the Honorable Julie S. Sneed, United States District Judge on the trial term commencing **OCTOBER 1, 2024,** at **9:00 a.m.**

**AFTER THE FIRST DAY OF THE ABOVE TRIAL TERM, ALL COUNSEL SHALL BE AVAILABLE AND READY TO COMMENCE TRIAL UPON TWENTY-FOUR HOURS NOTICE.**

 **ORDERED** in Orlando, Florida on this August 26, 2024.

_____
UNITED STATES MAGISTRATE JUDGE